IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ASENCION VELA § | |
|     TDCJ-CID NO. 1416215 § | |
| v. § | C.A. NO. C-11-395 |
| § | |
| RICK THALER § | |

**MEMORANDUM AND RECOMMENDATION TO**
**GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner is a state prisoner in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ"), and he is currently incarcerated at the McConnell Unit in Beeville, Texas. (D.E. 1). Proceeding pro se, he has filed this habeas corpus petition pursuant to 28 U.S.C. § 2241, 2254, challenging a disciplinary proceeding. Pending is Respondent's motion for summary judgment. (D.E. 11). Petitioner has filed responses opposing dismissal. (D.E. 14-15). For the reasons stated herein, it is respectfully recommended that Respondent's motion for summary judgment be granted, and this habeas action be dismissed.

## I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained. Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2002). Petitioner is confined in Beeville, Texas. (D.E. 1). Jurisdiction is, therefore, proper in this Court. 28 U.S.C. § 124(b)(6).

## II. BACKGROUND

On August 30, 2010, Petitioner was notified that he was being charged with attempting to establish an inappropriate relationship with a prison guard for the purpose of smuggling items into the facility. (D.E. 12-2, at 3). A disciplinary hearing was held on September 1, 2010, and

he was found guilty.  Id.  As a result, Petitioner was assessed a punishment of forty-five days loss of commissary privileges, forty-five days loss of recreation privileges, and a reduction from line class S3 to S4.  Id.

Immediately after the hearing, Petitioner submitted a Step 1 grievance on September 1, 2010.  (D.E. 12-1, at 4).  He argued that he was actually innocent of the charge and asserted the evidence was insufficient to support a finding of guilt.  Id. at 3-4.  This Step 1 grievance was denied by Warden Monroe on September 18, 2010 because "[t]he guilty punishment was supported by the preponderance of the evidence."  Id. at 4.  On October 9, 2010, he filed a Step 2 grievance protesting his disciplinary conviction on the same grounds.  Id. at 5-6.  His Step 2 grievance was denied by Linda Richey on November 1, 2010 for essentially the same reasons.  Id. at 6.[1]

### III.  PETITIONER'S ALLEGATIONS

Petitioner alleges that the TDCJ disciplinary proceeding violated his constitutional rights, and he raises three grounds for habeas relief.  (D.E. 1, at 6-7).  First, he argues that he is actually innocent of the offense because there was no evidence to support his conviction.  Second, he contends that the evidence was insufficient for a finding of guilt.  Last, he maintains that he was given an unfair trial because he was not allowed to admit the entire incriminating document as evidence.

---

[1] Contrary to Petitioner's assertions, (D.E. 14, at 1; D.E. 15, at 2), the records detailing the above facts have been authenticated in affidavits by Sandra K. Murphy, the Manager of Offender Grievance for the TDCJ, (D.E. 12-1, at 2), and E. Metz, the Inmate Records Supervisor for the TDCJ.  (D.E. 12-2, at 2).  Therefore, these state court records are admissible as competent summary judgment evidence.  See Fed. R. Evid. 901(b)(7); see also United States v. Dockins, 986 F.2d 888, 895 & n.8 (5th Cir. 1993) (custodian may authenticate records).

## IV.  DISCUSSION

Respondent seeks summary judgment and dismissal of the petition because Petitioner has failed to allege a deprivation actionable pursuant to federal habeas law.  (D.E. 11, at 1).

**A.     The Standard Of Review For Summary Judgment Motions.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases. Clark v. Johnson, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted).  Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant.  Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002) (citations omitted).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 913 (5th Cir. 1992) (citations omitted).  Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party.  See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1992) (citation omitted).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial.  Matsushita Elec. Indus. Co. v.

Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Fields v. City of S. Houston, Tex., 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted). The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (citation omitted). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted).

**B.      Petitioner's Due Process Challenge Of His Disciplinary Punishment Does Not Implicate A Constitutionally Protected Right.**

Respondent asserts that Petitioner fails to allege the requisite constitutional deprivation necessary for federal habeas relief to be granted. (D.E. 11, at 6). Specifically, Respondent argues that neither the forty-five day loss of recreation and commissary privileges, nor the reduction in line class from S3 to S4 amount to liberty interests protected by the Due Process Clause. Id.

A petitioner challenging a disciplinary hearing must show that the punishment intrudes on a protected liberty interest "so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that the state-created right is not arbitrarily abrogated." Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (citing Wolff v. McDonnell, 418 U.S. 539, 557 (1974)); see also Malchi v. Thaler, 211 F.3d 953, 957 (5th Cir. 2000) ("Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States'") (citation omitted). The Supreme Court has explained that:

> [T]hese [liberty] interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, ... nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin v. Conner, 515 U.S. 472, 484 (1995) (citations omitted). The Fifth Circuit has further explained that "these interests are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." Madison, 104 F.3d at 767.

### 1. Petitioner had no liberty interest in his recreational or commissary privileges.

As a result of Petitioner's disciplinary conviction, he lost forty-five days of recreation privileges and forty-five commissary days. (D.E. 12-2, at 3). The loss of recreational and commissary privileges, however, are not atypical, significant deprivations that could encroach upon any liberty interest. Sandin, 515 U.S. at 485-86; Madison, 104 F.3d at 768 ("[petitioner's] 30 day commissary and cell restrictions ... do not represent the type of atypical, significant deprivations in which a state might create a liberty interest."). Similarly, segregated confinement as a disciplinary sanction has not been found to implicate constitutional liberty interests. Sandin, 515 U.S. at 486.

The Supreme Court and Fifth Circuit have addressed these issues directly and concluded that they are not the type of liberty interests protected by the Fourteenth Amendment. It is therefore respectfully recommended that Petitioner's challenge to the loss of forty-five days of recreation privileges and forty-five days of commissary privileges do not invoke actionable liberty interests.

### 2. Petitioner had no liberty interest in his line class status.

Petitioner's line class was also reduced from L1 to L2 as a result of the disciplinary hearing. (D.E. 1, at 5). The Fifth Circuit has held that prisoners do not have a protected interest in assignment to any good-time credit earning status. Malchi, 211 F.3d at 958-59; Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (per curiam).

Accordingly, Petitioner fails to state a claim based on the change in his line class.

### 3. Petitioner had no liberty interest in his expected parole date.

Texas state prisoners may become eligible for release either by parole, or through a mandatory supervised release program. Madison, 104 F.3d at 768. Since 1977, Texas law has provided that good conduct time credits "appl[y] only to eligibility for parole or mandatory supervision," rather than an actual reduction in an inmate's sentence. Ex parte Hallmark, 883 S.W.2d 672, 674 (Tex. Crim. App. 1994) (per curiam) (quoting Tex. Rev. Civ. Stat. Art. 6181-1, § 4) (now codified at Tex. Gov't Code § 498.003(a)). An inmate's interest in parole, however, is entirely speculative, and as such, an inmate has no constitutional expectancy in parole. Malchi, 211 F.3d at 957 ("any delay in [petitioner's] consideration for parole cannot support a constitutional claim"); see also Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir. 1995) (per curiam) (citations omitted) (petitioner has no liberty interest in obtaining parole in Texas). Therefore, it is respectfully recommended that, to the extent Petitioner claims that his loss of good-time credit earning status has adversely affected his parole eligibility, (D.E. 14, at 1; D.E. 15, at 1-2), this claim be dismissed for failure to state a constitutional claim. See Malchi, 211 F.3d at 959 ("the timing of [a petitioner's] release is too speculative to afford him a constitutionally cognizable claim to the 'right' to a particular time-earning status, which right the Texas legislature has

specifically denied creating") (citing Bulger v. United States, 65 F.3d 48, 50 (5th Cir. 1995)).

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a certificate of appealability. A district court ruling on a petitioner's relief may sua sponte rule on a certificate of appealability because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that "reasonable jurists could debate whether ... the [petition] should have been resolved in a different manner or that the issues presented ... deserve[d] encouragement to proceed further." United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Reasonable jurists could not debate this denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that Petitioner is not entitled to a certificate of appealability.

## VI. RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that Respondent's motion for summary judgment, (D.E. 11), be granted, and this habeas petition, (D.E. 1), be dismissed. Additionally, it is respectfully recommended that Petitioner be denied a certificate of appealability.

Respectfully submitted this 12th day of March 2011.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).