UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ASENCION VELA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. C-11-395 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

### ORDER ADOPTING, AS MODIFIED, THE MEMORANDUM AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Pending before the Court is Respondent's Motion for Summary Judgment (D.E. 11). On March 12, 2012, United States Magistrate Judge Brian L. Owsley issued a Memorandum and Recommendation (D.E. 16), recommending that Respondent's Motion for Summary Judgment be granted. In part, the motion seeks dismissal for failure to state a claim upon which relief can be granted and that is the ground upon which the Memorandum and Recommendations relies.

Petitioner filed his Objections (D.E. 17, 18) on March 29, 2012. His statement of "disputed fact issues" (D.E. 18) are actually claims that his expected parole consideration was set off for one year, making it a violation of his "rights." This does not raise a disputed issue of material fact. Instead, it is a question of law whether the sanction raises a constitutional complaint. This same complaint is made in his "objections" (D.E. 17). He also claims that there is no evidence to support the finding that he was guilty of the disciplinary infraction.

Petitioner's objections do not identify any legal or factual argument that would avoid the application of long-standing precedent holding that the disciplinary sanctions complained of do not raise a constitutional issue. The objections are OVERRULED. The Magistrate Judge is correct in his analysis that the *habeas corpus* Petitioner did not state a claim upon which relief can be granted. The Court modifies the Memorandum and Recommendation with respect to its statement of the standard of review in *habeas corpus* cases arising out of disciplinary proceedings, eliminating Section IV(A) of the Memorandum and Recommendation and supplementing the opinion as follows:

### REVIEW OF DISCIPLINARY PROCEEDINGS

**A. A Federal Constitutional Right Must Be Implicated**

State prisoners seeking federal court review of a state action pursuant to 28 U.S.C. § 2254 must assert a violation of a federal constitutional right. *See Lawrence v. Lensing*, 42 F.3d 255, 258 (5th Cir. 1994); *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993). In the context of disciplinary proceedings, a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolf v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

Liberty interests emanate from either the Due Process Clause or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460, 109 S.Ct. 1904, 104

L.Ed.2d 506 (1989). A convicted prisoner does not have a constitutional right to conditional release before the expiration of a valid sentence. *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Likewise, the Constitution does not guarantee an inmate good-time credit for satisfactory behavior while in prison. *Wolff*, 418 U.S. at 537; *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Absent a showing that his disciplinary conviction has implicated a constitutionally protected interest, a prisoner's due process claim depends on the existence of an interest created by state law.

The Supreme Court has decided that only those state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487; *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059, 116 S.Ct. 736, 133 L.Ed.2d 686 (1996). In Texas, it is well established that only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release under the Texas mandatory supervision scheme and a protected liberty interest in the good-time credits that they have earned. *Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007).

According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed upon privileges are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *Id.* The Fifth Circuit has also decided that

reductions in a prisoner's class status and the potential impact on good-time credit earning ability are not protected by the Due Process Clause.  *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).  Petitioner has not stated a federal constitutional right entitling him to federal *habeas corpus* relief and his objection on this basis is OVERRULED.

### B. Sufficiency of the Evidence Review

While the Petitioner's claims fall short of entitling him to a sufficiency of the evidence review, the Court notes that the record of the disciplinary proceeding is sufficient to support a guilty finding under the applicable standard.  Federal *habeas* review of the sufficiency of the evidence to support a disciplinary conviction is extremely limited.  Due process requires only "some evidence" to support the findings made in the disciplinary hearing.  *Hill*, 472 U.S. at 457; *Broussard v. Johnson*, 253 F.3d 874, 876-77 (5th Cir. 2001).  It is well settled that federal courts cannot retry every prison disciplinary dispute; rather, the court may act only where arbitrary or capricious action or abuse of discretion is shown."  *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994); *Smith v. Rabalais*, 659 F.2d 539, 543 (5th Cir. 1981), *cert. denied*, 455 U.S. 992, 102 S.Ct. 1619, 71 L.Ed.2d 853 (1982).

"[T]he requirements of due process are satisfied if some evidence supports the decision of the prison disciplinary board . . . ."  *Hill*, 472 U.S. at 455.  Determining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is only whether there is any evidence in the record that

could support the conclusion reached by the disciplinary board. *See Banuelos*, 41 F.3d at 234; *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986). "The goal of this standard— variously a 'modicum of evidence,' 'any evidence,' or 'some evidence'—is to balance the need to prevent arbitrary deprivation of protected liberty interests with the need to acknowledge institutional interests and avoid administrative burdens ." *Hudson v. Johnson*, 242 F.3d 534, 536 (5th Cir. 2001). Thus, federal habeas corpus courts "do not assess the weight of the evidence" when reviewing prison disciplinary proceedings, and need only examine whether the guilty finding has the "support of 'some facts' or 'any evidence at all.' " *Hudson*, 242 F.3d at 537. The evidence of guilt is sufficient to support the disciplinary actions in this case. Petitioner's objection as to the existence of a fact question or the sufficiency of the evidence of guilt is OVERRULED.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's Objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's Objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge **AS MODIFIED HEREIN**. Accordingly, Respondent's Motion for Summary Judgment (D.E. 11) is **GRANTED** and this action is

**DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

ORDERED this 11th day of April, 2012.

*[signature]*
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE