IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ASENCION VELA                        §
    TDCJ-CID NO. 1416215          §
v.                                   §          C.A. NO. C-11-395
                                     §
RICK THALER                          §

### MEMORANDUM AND RECOMMENDATION TO DENY
### PETITIONER'S MOTION TO ALTER OR AMEND FINAL JUDGMENT

Petitioner is a state prisoner in the Texas Department of Criminal Justice, Correctional

Institutions Division ("TDCJ"), and he is currently incarcerated at the McConnell Unit in

Beeville, Texas.  (D.E. 1).  Proceeding pro se, he has filed this habeas corpus petition pursuant to

28 U.S.C. § 2241, 2254, challenging a disciplinary proceeding.  Pending is petitioner's motion to

alter or amend final judgment.  (D.E. 21).  For the reasons stated herein, it is respectfully

recommended that petitioner's motion is denied.

### I.  BACKGROUND

On August 30, 2010, while at the Connelly Unit in Kenedy, Texas, petitioner was

notified that he was being charged with attempting to establish an inappropriate relationship with

a prison guard for the purpose of smuggling items into the facility.  (D.E. 12-2, at 3).  A

disciplinary hearing was held on September 1, 2010, and he was found guilty.  Id.  As a result,

petitioner was assessed a punishment of forty-five days loss of commissary privileges, forty-five

days loss of recreation privileges, and a reduction from line class S3 to S4.  Id.

Immediately after the hearing, petitioner submitted a Step 1 grievance on September 1,

2010.  (D.E. 12-1, at 4).  He argued that he was actually innocent of the charge and asserted the

evidence was insufficient to support a finding of guilt.  Id. at 3-4.  This Step 1 grievance was

denied by Warden Monroe on September 18, 2010 because "[t]he guilty punishment was

supported by the preponderance of the evidence."  Id. at 4.  On October 9, 2010, he filed a Step 2 grievance protesting his disciplinary conviction on the same grounds.  Id. at 5-6.  His Step 2 grievance was denied by Linda Richey on November 1, 2010 for essentially the same reasons. Id. at 6.

On January 13, 2012, an order for service of process was issued.  (D.E. 7).  On February 16, 2012, respondent filed his answer.  (D.E. 10).  That same day, respondent also filed a motion for summary judgment.  (D.E. 11).  On March 12, 2012, a memorandum and recommendation was issued recommending that the motion for summary judgment be granted.  See generally Vela v. Thaler, No. C-11-395, 2012 WL 1252504 (S.D. Tex. Mar. 12, 2012) (unpublished).  On April 12, 2012, final judgment was entered dismissing this action.  (D.E. 20).

## II.  DISCUSSION

In the pending motion, petitioner argues that final judgment dismissing his petition was based on "manifest error and mistake of facts."  (D.E. 21, at 2).  First, he asserts that it is incorrect that his "due process claim challenged the denial of parole."  Id.  Second, he argues that there was a factual error regarding the existence of "an unknown guard."  Id.  Instead, he maintains that he "challenged the set off of parole with respect to his time earning class" and that there was "no evidence to support his disciplinary case."  Id.

### A.  Petitioner's Motion Is Timely.

A motion to reconsider is timely "filed no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e).  Final judgment was entered on April 12, 2012.  (D.E. 20).  Petitioner's motion for reconsideration was dated May 3, 2012 and thus was timely filed.

**B.      Legal Standard For Relief Pursuant To Rule 59.**

Rule 59(e) motions "serve the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989) (citations omitted); accord Kossie v. Crain, 602 F. Supp. 2d 786, 793 (S.D. Tex. 2009) (citation omitted). Rule 59(e) cannot be used to introduce evidence that was available prior to the entry of judgment, nor should it be employed to relitigate old issues, advance new theories, or secure a rehearing on the merits. Templet v. HydroChem Inc., 367 F.3d 473, 478-79 (5th Cir. 2004) (citation omitted); accord Kossie, 602 F. Supp. 2d at 793 (citation omitted). To prevail on a Rule 59(e) motion, the moving party must demonstrate the existence of the need to correct a clear error of law, or present newly discovered evidence. Templet, 367 F.3d at 479; accord Kossie, 602 F. Supp. 2d at 793.

**C.      Petitioner's Due Process Challenge Of His Disciplinary Punishment Does Not Implicate A Constitutionally Protected Right.**

A petitioner challenging a disciplinary hearing must show that the punishment intrudes on a protected liberty interest "so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that the state-created right is not arbitrarily abrogated." Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (citing Wolff v. McDonnell, 418 U.S. 539, 557 (1974)); see also Malchi v. Thaler, 211 F.3d 953, 957 (5th Cir. 2000) ("Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States'") (citation omitted). The Supreme Court has explained that:

> [T]hese [liberty] interests will be generally limited to freedom
> from restraint which, while not exceeding the sentence in such an
> unexpected manner as to give rise to protection by the Due Process

3

> Clause of its own force, ... nonetheless imposes atypical and
> significant hardship on the inmate in relation to the ordinary
> incidents of prison life.

Sandin v. Conner, 515 U.S. 472, 484 (1995) (citations omitted).  The Fifth Circuit has further

explained that "these interests are generally limited to state created regulations or statutes which

affect the quantity of time rather than the quality of time served by a prisoner."  Madison, 104

F.3d at 767.

### 1.      Petitioner had no liberty interest in his line class status.

Petitioner's line class was also reduced from L1 to L2 as a result of the disciplinary

hearing.  (D.E. 1, at 5).  He now argues that the Court erred regarding his time earning class.

(D.E. 21, at 2).  The Fifth Circuit has held that prisoners do not have a protected interest in

assignment to any good-time credit earning status.  Malchi, 211 F.3d at 958-59; Luken v. Scott,

71 F.3d 192, 193 (5th Cir. 1995) (per curiam).

Petitioner fails to state a claim based on the change in his line class.  Accordingly, it is

respectfully recommended that he has failed to demonstrate any manifest error or mistake of fact

warranting an amended judgment.

### 2.      Petitioner had no liberty interest in his expected parole date.

Texas state prisoners may become eligible for release either by parole, or through a

mandatory supervised release program.  Madison, 104 F.3d at 768.  Since 1977, Texas law has

provided that good conduct time credits "appl[y] only to eligibility for parole or mandatory

supervision," rather than an actual reduction in an inmate's sentence.  Ex parte Hallmark, 883

S.W.2d 672, 674 (Tex. Crim. App. 1994) (per curiam) (quoting Tex. Rev. Civ. Stat. Art. 6181-1,

§ 4) (now codified at Tex. Gov't Code § 498.003(a)).  An inmate's interest in parole, however, is

4

entirely speculative, and as such, an inmate has no constitutional expectancy in parole.  Malchi, 211 F.3d at 957 ("any delay in [petitioner's] consideration for parole cannot support a constitutional claim"); see also Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir. 1995) (per curiam) (citations omitted) (petitioner has no liberty interest in obtaining parole in Texas).

Petitioner argues that his loss of good-time credit earning status has adversely affected his parole eligibility.  (D.E. 21, at 2).  This claim was properly dismissed for failure to state a constitutional claim.  See Malchi, 211 F.3d at 959 ("the timing of [a petitioner's] release is too speculative to afford him a constitutionally cognizable claim to the 'right' to a particular time-earning status, which right the Texas legislature has specifically denied creating") (citing Bulger v. United States, 65 F.3d 48, 50 (5th Cir. 1995)).  Accordingly, it is respectfully recommended that he has failed to demonstrate any manifest error or mistake of fact warranting an amended judgment.

**D.     There Was Sufficient Evidence To Support The Disciplinary Hearing Officer's Decision.**

In federal habeas petitions, review of the evidentiary support for a hearing officer's decision is extremely limited.  Due process requires only that there be "some evidence to support the findings made in the disciplinary hearing."  Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 457 (1985); see also Broussard v. Johnson, 253 F.3d 874, 877 (5th Cir. 2001) (per curiam) ("Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision.") (citation omitted).  Even where there is no direct evidence and the existing evidence is meager, the findings may still be sufficient to support disciplinary sanction. Hill, 472 U.S. at 457.  A federal court should not disturb a hearing officer's decision unless the petitioner can show that it was arbitrary and capricious.  Id.; Banuelos v. McFarland, 41 F.3d

232, 234 (5th Cir. 1995) (per curiam) (citation omitted).  The Fifth Circuit has articulated a

"highly deferential standard" favoring the findings of prison officials in disciplinary proceedings,

and has suggested that courts defer to committee findings on credibility of evidence.  See Adams

v. Gunnell, 729 F.2d 362, 370 (5th Cir. 1984) (citation omitted) (stating that sufficiency of

evidence in a disciplinary proceeding is tested by a "highly deferential standard" and choosing to

defer to a prison committee's choice to believe one witness over another).

      Petitioner was charged by Captain Kelvin Masters with an "attempt to establish an

inappropriate relationship with (an unknown staff member), which has the potential to jeopardize

the security of the agency or compromise[] the effectiveness of the employee, by [] sending a

hand written letter to the unknown staff requesting that the unknown staff member smuggle in

[a] t-shirt."  (D.E. 12-2, at 3).  The hearing officer found him guilty relying on the offense report

as well as an investigation by Captain Masters.  Id.  The offense report revealed that Michael

Cantu, a correctional officer, was friends with petitioner's ex-wife and sister on Facebook.  Id. at

5.  During the middle of the investigation, Officer Cantu resigned.  Id. at 14.  Petitioner denied

that the letter was directed to an officer, but instead claimed that it was written to another inmate.

Id. at 23.  However, Captain Masters noted that "[t]he letter was not directed at another offender

the handwritten letter made mention of smuggling in T-shirts from the free world, a watch from

the free world, vodka, as well as sending him some books and magazines straight from the free

world book store...."  Id.

      Taken as a whole, this evidence relied on by the hearing officer is more than sufficient to

satisfy the some evidence standard.  Accordingly, it is respectfully recommended that there was

sufficient evidence to support the hearing officer's decision.  Moreover, it is respectfully

recommended that he has failed to demonstrate any manifest error or mistake of fact warranting an amended judgment.

### III.  RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that petitioner's motion to alter or amend final judgment, (D.E. 21), be denied.

Respectfully submitted this 21st day of May 2012.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).